Your Honor, this is the first case of the morning, call 211-0904, Razor Capital v. Antaal, on behalf of the affluent, Mr. Jonathan Bailey, on behalf of the athlete, Mr. John A. Wilkinson. Are both sides ready to proceed? Yes, Your Honor. Then we may proceed when you are ready. Good morning, Your Honor. My name is Jonathan Bailey. I'm here as counsel for Razor Capital. And we're here today for a simple reason. The trial judge assumed the role of an advocate in this case. He crafted an argument for the benefit of my opponent, and then he ruled on it with prejudice the first time it was partially incorporated by opposing counsel. What do you think you have to allege in your complaint, then? In my complaint, if you were going to go line by line, precept by precept, through Garber, you would have to go through offer acceptance, consideration, you'd have to have breach, mutual assent, damages. And something that applies to this particular case as opposed to generalities? Yes. I assume that if you're looking at my weakest position here would be whether or not my complaint was more appropriate for a small claims complaint versus a complaint for $10,000.01. I think assuming even if the complaint was, let's call it spartan, if I substituted argument for facts, the outcome, I believe, would still be the same in light of the trial court's participation in taking the complaint from where it started into where we've ended up today. The trial judge was very clear throughout numerous times in this case that he has a strong interest in hearing and setting up a specific fact pattern for an appeal that he wants heard on appeal. And now the position that he wants heard on appeal is one that is unique among all the counties I've practiced in. That position being that if you plead breach of an unwritten contract, you are allowed to recover on the use of a credit card and only the use. If you want to recover on the terms and conditions, then you must have a written agreement. Well, how do we know? I mean, this is a pretty basic question. How do we know that there is any obligation to pay the money to somebody if we don't know what the terms and conditions are? Well, the terms and conditions were attached to the complaint. So is your question, I mean, as a standard to prove the trial or is your question related to pleading? Do you know that your client had or didn't have an obligation to pay back from the terms and conditions? Well, my client didn't have the obligation to pay the money. They were entitled to the money. But, yes, when the card is mailed, the card is mailed with the terms and conditions. The terms and conditions state that using the card is pursuant to the terms and conditions. Where does it say when the card is bailed? I'm sorry? Where does the complaint say when the card is bailed, someone has given notice, your client has given notice? It doesn't say that. I'm reading your complaint. It's actually what's left out. Yes, it was. I can't deny that, Your Honor. Isn't that a problem? What's that? Isn't that a problem? That is generally a problem, yes. It is not completely prejudicial to my position in this case, which is that every, here's a way of looking at it. Every motion is unique. Every motion has a unique set of burdens that a movement and a respondent have to meet. My opponent filed two motions. I uniquely met the allegations raised by my opponent, and the trial court acknowledged the inappropriateness of those motions. With that in mind, the outcome that my opponent sought was still obtained because the trial court was arguing his own motions. Counsel, you keep saying that. Is the issue here in appeal that the trial court was inappropriate in the way that it dealt with the issues here? Or is the issue whether or not you, in fact, pled a viable cause of action? Which is it here? Well, I think they can both be issues. I mean, my first argument is that the cause of action is appropriate, but if the cause of action is... And how would you get to that point? I think that's what my colleague was asking you. Don't you have some major flaws in your complaint? There are some flaws. I did plead it as a simple and concise statement of a cause of action. How about factually? That applies to this defendant, not every defendant. Your Honor, yes. Factually, it is spartan. Spartan or sufficient? There's a difference. Well, it may not be sufficient. I argue that it is sufficient because it notifies opposing counsel as to the cause of action that they're being held in court on. And it has enough facts in it to support why. Including all the terms and conditions and attorney's fees and interest and costs? Or simply that money is due without all of the additional accoutrement? What is your position? Well, my position is that it's sufficient because the terms and conditions are attached. But if ruled insufficient, then I believe that leave to amend would be appropriate given the posture of the case. And if you were allowed to amend, which you didn't... If you were allowed to amend, what were you going to add? What would I add? I would go through Garber and Portfolio v. Feltman, and I would just go through. There's probably maybe, let's say, 20 items total throughout those cases that I could allege. And I would just have to go through and insert the facts, fact by fact. As I mentioned to Justice Hutchinson, that the card was sent, terms and conditions were sent with the card. Right, but does that also assume that the terms and conditions have not changed or that there hasn't been any renewal? Well, I'm not aware of the terms and conditions having changed during the duration of it. Isn't that something that you would have to allege, that this is the terms and condition that were in effect then and are in effect now? Well, of course I can allege that these are the terms and conditions that were in effect at the time the card was used, and then therefore would govern the recovery at this present time. I mean, if the card was charged off and closed, the terms and conditions changing after that date would... If the terms and conditions are in effect today when I use the card, do you agree or disagree that you would also have to allege that those are the terms and conditions which were accepted at the time that the card was initially accepted, for lack of a better term? Yes, that could be alleged, and that would be... Could be or has to be? Well, I'll assume it has to be that, Your Honor. That's your position, but I... I'm trying to figure out what your position is. It could be. It could be alleged. Yeah, and you know, if I was going to add any additional facts, then Your Honor, I would be going through and going through the transaction history and adding each and every transaction that was made. I think that that goes beyond simple and concise, but I would certainly put in every single fact possible which would support the cause of action. And is there any reason why you did not do that when you filed your amended complaint? The first amended or second amended, Your Honor? Either one. Either one. That's kind of my point. If you stand here now and say this is what I could have alleged, why didn't you allege it then? So I'm not clear. Well, then this is very important. When I filed the first amended complaint, the trial judge had ruled in my favor. He denied opposing counsel's motion, and he ruled that my cause of action was sufficient to move forward. I was not on notice that there was any deficiency, factual deficiency. It was not raised by my opponent, and it was not raised by the judge. Not an issue. The second time that I amended my complaint, it was in light of the trial court's position that the only defect is I cannot recover attorney's fees or interest on behalf of my client without a written contract. And that position by the trial court is not supported by the case law. And at the same time, that was the first time my opponent had ever raised the issue of factual insufficiency in the complaint. Now, if this was raised before by opposing counsel, it would have been intelligently met and addressed, and facts would have been placed in here to have gotten the complaint up to a level that satisfied pleading requirements. It wasn't, and so that's one of my big arguments, that if the first time something is raised, it's granted with prejudice, then that's an automatic abuse of discretion under some of the case law that I cited in my brief, especially where the trial court has acknowledged its belief that there is likely a cause of action in this case. But the trial court was, let's say, hyper-focused on one issue, which is attorney's fees and interest. And I'd also note, Your Honor, is that that issue that the trial court took with my pleadings comes from the prayer for relief. All right? I can ask for attorney's fees and prejudgment interest in any case I file. It doesn't mean I'm going to get them. I can ask for it. It does not transform the cause of action itself. Therefore, the judge's issue that he's taken with it is with the prayer for relief, not even the cause of action. And simultaneously opposing counsel's line of attack has at each and every time rested upon a theory that this is an attempt to plead breach of a written contract. So my arguments addressed his claim that this is breach of written contract. The trial judge said that you might get the quantum merit issue. But what he said was that there was a problem with the other count. And he laid out what the problem with the other count was. So you didn't first hear about this issue when it was raised in the motion. The trial judge told you what it was. When he said something to the effect, if you are going on the agreement, you have to go on the agreement. But you can't take Garber and bootstrap the agreement. Okay. Let's see, Your Honor. He did say that to me. But he also said it in reference to, let's say, Garber v. Harris Trust. Let's take a look at Garber v. Harris Trust. Garber v. Harris Trust says that use of a credit card is pursuant to the terms and conditions in place at the time of use. Therefore, if the terms and conditions provide for attorney's fees and interest, those items are recoverable. In Garber v. Harris Trust, the only – the terms and conditions were merely mailed to people with credit cards. And mailing the terms and conditions was the modification of the terms and conditions formally in place. Now, the trial judge certainly confused me here because he's – originally, first he said that this complaint stated a cause of action. Now he's saying it doesn't state a cause of action pursuant to Garber. But what he's saying about Garber isn't true. So this is his artificial barrier to stating a cause of action. I could put in a million facts. I could put in every fact possible. Well, let's go back to Garber. Garber doesn't say that when you get the credit card, when you get the piece of plastic, you've entered the contract. It says it's an offer to extend credit to you. Of course. But you abide by the terms and conditions in place at the time when you swipe the card. Where in your complaint does it indicate any of those things if you were standing on Garber? Because I think that's what your position was. I'm standing on Garber. How do you get there? I mean, Garber does not talk about the specific pleadings that happened. It talks about how this contract is formed. So how do you tell the trial court or, more importantly, the defendant who has a right to respond, to move, to dismiss, to admit, how do you tell the defendant these were the terms and conditions on the day you accrued this amount of money? And where does it say in your complaint these were the terms and conditions when you failed to pay because here's the term about interest, here's the term about attorney's fees? Yes, Your Honor. I understand where you're going, and I see the defects that are alleged to exist with the complaint. As I said, the complaint is very simple, and I can see now with hindsight how I would have played it differently had I been looking at an issue of insufficient facts. The complaint says charges were incurred. Charges were incurred is a very loaded statement, you could say. It says in four more than one element of pleading the cause of action. It could include the cleaning of, you know, the cleaning of the uniforms for Razor for all I know. What charges? Charges were incurred by use of the card. They could be based upon this complaint. You see what I'm saying? You could include any charge. The purpose of pleading in Illinois is to give notice to the other side what the issue is. Yes, Your Honor. I'm not sure how the complaint that I'm looking at, the second amendment complaint, accomplishes that. And if I have to concede that point, then so be it. But that's related to the argument that amendment would be appropriate because that issue of insufficient facts, as I said, wasn't raised by my opponent. My appropriate opponent was raised by the party who wants an appellate question answered on one specific issue. If I lost track of things trying to – Did you ask to file a third amendment complaint? I asked to brief the – we briefed the second amendment complaint, and then the dismissal was granted with prejudice. But prior to that, did you ask, you know, I'd like to replead this or give me an opportunity to file another amended complaint? I did not ask to amend prior to that because I was trying to address the court's interpretation of Garber, which – So why haven't you forfeited any issue about your opportunity to file – you know, I assume you're asking either for us to reverse this or to at least allow you another opportunity to file a complaint. So my question is why have you not forfeited that by your failure to ask at the time of the dismissal to file a third amended complaint? I don't feel I forfeited the opportunity, Your Honor, because the complaint was – the complaint was briefed and an argument was asserted as to the appropriateness of the trial court's interpretation of Garber. Didn't the court give you an ultimatum, basically, whether you could either pay attorney's fees or take the dismissal? Yes, and that ultimatum is interesting in light of the fact that the trial court admitted that both of the motions filed by my opponent were inappropriate. They asserted inappropriate arguments to the cause of action, and that also highlights the fact that my opponent in this case was the judge who has one issue he wanted addressed. I addressed the issue in a brief, and I cited the case, which stands for an opposite proposition as he's reached. And if he had given me a hundred times or a thousand times to plead, and this is what I was mentioning earlier, that this is an artificial barrier to stating the cause of action, because no amount of facts could then please the trial court on what it wants to see, which is the appellate issue on attorney's fees and interest without a written contract. I mean, I could put in every fact that would be properly pled. Counsel, what are you asking for? What I'm asking is to remand the case and an opportunity to amend my complaint in conformity with Garber v. Harris and Portfolio v. Feltman, and that a right to recovery under those cases allows for attorney's fees and interest under the terms and conditions in place at the time of use of a credit card. But again, your position is you don't have to attach the terms and conditions that were accepted by the user of the card. No, and I don't think I ever argued that. I did, in fact, attach the terms and conditions. I think that was part of the rub with you and the trial court is you attached a copy, but there was nothing, as I recall, that tied those terms and conditions to the use of the credit card on this date. Yes, and then I would do that with fact pleading by inserting the facts that say these are the terms and conditions that were sent and so on and that were in force at the time of use of the credit card. And no modifications. Well, not that I'm aware of. Well, isn't that your job to know whether it's been modified? So no modifications, Your Honor. Don't you sign it as everything in this complaint is true and correct? Yes, if that's what's given to me, then. Did you have any other questions? No, thank you. Questions? You'll have a chance for a reply. Thanks. Okay, thank you very much, Your Honor. Sure. Good morning, Your Honor. Your Honor, this is a $14,000 case, which my client has been sued on and has incurred an enormous amount of fees. The complaint was originally dismissed because Razor Capital was alleging that they were in a signed warrant. There was nothing attached showing any of the assignment. It was dismissed. But was it dismissed pursuant to your motion? It seems like the court dismissed it. You filed a 619, and the court dismissed it by a 615. It was odd the way it was done. The complaint clearly did not have any assignment on the issue. And what occurred, if I recall correctly, is he then showed up and said, look, I have an assignment. So then what occurred is the motion was granted. He was allowed to plead his amended complaint. I was allowed to look at it again. I mean, the ironic thing here is, you know, I was thinking about this case. I think this case exemplifies how we got into the financial crisis that we are. Everybody knows how you can do a contract. The banks lent out, allegedly, this money without any kind of documentation showing that my client agreed to these terms. And then there were assignments going over to Razor Capital. It is uncontested here. You've heard he, after three tries, has not pled a breach of contract. All right. Let me get one thing straight. You talked about Razor Capital. There's nothing that I'm aware of, and maybe you do know something, that indicates that a party would need to know who the final owner of the account is, correct? You have to show that you have standing to bring this up. Well, but when you use your car, you're not a – that's not an issue. That's not the issue. The issue is whether or not Razor Capital can sue. Okay. Well, that's another point. You're concerned about the terms and conditions, which are issued by probably the managing entity. So at the time, terms and conditions may or may not be mailed. They're not coming from Razor Capital. They're coming from Harris Bank or whoever is managing the account. I would assume so. But what we were given, I have no idea. And even in our Second Amendment complaint that we put it in our brief, they still haven't addressed the standing issue. I mean, if you look at their – the bill of sale in which Razor allegedly gets the account, it's dated July 31, 2009. It gets out from Prestige Alliance. They then attach another thing. Wells Fargo attaches or assigns the account to Prestige Alliance on August 10. How could Prestige assign something it doesn't even have? This complaint should have never been filed. Well, people can't just go out and use credit cards and expect not to have an obligation. But we don't know, Michael. A client used a credit card. We never got to that point. There was never a complaint that was alleged that was viable. And that's what this is about. In the 50-page appellate brief that was written by my opponent, the sole issue is whether or not Judge Kelsey abused his discretion. He tried to help counsel out. He tried to teach him how to plead it. I filed motions to dismiss in which I allege what the elements of a breach of contract are. It never sunk in. It was never pled. If the trial court misstates the law when it's trying to teach counsel, opposing counsel, on how to file the amended complaint, how does that factor into an abuse of discretion? Because the court pretty clearly misstated Dyerberg a couple times. Counsel never pled a breach of contract. I don't think what happened was the court, and quite frankly I was getting frustrated, incurring attorney's fees having to deal with an issue that wasn't there. A $14,000 case. I'm sorry. What issue wasn't there? He never pled a complaint, a proper cause of action, a breach of contract, the basic elements. And that seems to get overlooked, but he's conceded it to you in arguing here. He did not plead a basic breach of contract. So let's shift into the prejudice issue. Again, the trial court never really said, did the trial court ever really say, let me actually ask you this question. Did the trial court ever really say to your opposing counsel, this complaint does not state a cause of action? I believe he said it on a number of occasions. And not in relation to Garver and written versus unwritten contracts and all that, but just bare goals, this complaint does not state a cause of action. It's not factually sufficient. Correct. He did state that. He said that you probably could plead a cause of action, but you haven't, and it's the third time. And if my memory serves me correct, he would have allowed him to replead again, but he was going to grant me my attorney's fees if he did it wrong. Counsel chose to allow it to be dismissed with prejudice. And, you know, you bring up the breach of written or the oral. Somehow, I was to interpret that this was an oral agreement. Look at the complaint. It never once talks about an oral contract. It was written as it was a written contract, talking about that they're going to get attorney's fees and costs and stuff like that. It was impossible to deal with that complaint. When you say the court granted your motion, didn't, in fact, the court deny your motion, your first motion, but then suggested that if the plaintiff was going to succeed, it would have to plead differently? No, that's not correct, Your Honor. If you go through the transcript, and it is somewhat confusing. The order clearly states my motion was granted. The first time? The first time. It was dismissed. Counsel denied that it was granted. Correct. Okay. Just so we're clear. But denied that it was ultimately granted. It was never written in that it was denied. The order, the actual order was granted. Okay. And then the second, or the first amended complaint, what was the procedural posture of that at the end? Then I filed a motion to dismiss. I believe, you know, again, that they have not pled a basic breach of contract action. Also, we made the velocity argument that you have to attach the agreement, because they were seeking attorney's fees and costs and stuff like that. And more or less, then counsel more or less said, okay, I'll replead it again. And he never changed it. There was something attached, though, ultimately. Yeah. What was attached is the bill of sale that I'm talking to, kind of read by you, that they assigned something. It doesn't dictate, it doesn't say the Applebee's account was directed. There's nothing there about it. But, again, the assignment for Prestige to Razor occurred on 7-3109. Wells Fargo didn't transfer it to Prestige until August 10th. On its face, they could not bring this complaint. When did you see the Wells Fargo card services something called terms and conditions? When did you first see that? I think it was attached to the very first complaint. Okay. There's this general terms and conditions, but it has nothing to do with my client. Why? Somehow there has to be some sort of acknowledgment that it went to my client. My client agreed to those terms. And they attach it, and this is a verified complaint. You say there has to be some sort of acknowledgment according to what I read here. The acknowledgment could have been by signing the card, by using the card, or by a third method. But if we have a signature on the card or use of the card, that constitutes an acceptance of the agreement. But nowhere was that alleged. Okay. And there is by signing, note, using, or accepting. Well, here it actually says accepting the plastic card issued to you. Okay. Isn't it just your point that when I accept the credit card, when your client accepts the credit card, uses the credit card, they accepted some terms and conditions, but what are the terms and conditions? Correct. And you're asking for something to be attached that ties this set of terms and conditions to the card that your client signed and that those terms and conditions were in effect at the dates, multiple dates the card was used. Correct. Is that your point? Yes. Okay. And, you know, I'll point out just the generalities of this verified affidavit that attached it. It doesn't identify when it was given to my client, when my client signed up for it. It says this application for this account was made online or via the phone. Well, what was it? Wells Fargo is a sophisticated bank. They could document this and make it legally enforceable. As is, there is no doubt that Judge Kelsey did not abuse his discretion in denying this after three times. If there's nothing further. Thank you very much. Counsel, do you wish to reply? Thank you, Your Honor. There's a few points I would like to highlight. First, I'd like to note that opposing counsel has raised this argument as to the assignment in the case. And he didn't file a cross appeal. He hasn't raised this timely. But to give some argument towards that. Well, it relates to standing. Yes. So that would be an issue. But to give some argument, the assignment attached memorializes executed contracts. Contracts control and the terms of the contract controls. The documents that are attached to the assignment reference the appropriate dates the contracts were executed. And they were executed chronologically. So at worst, this is a scrivener's error in executing the assignment. We'll move on. All right. Can you respond to counsel's comment that three times in his motion to dismiss, he said that this complaint did not factually state a cause of action. And three times the trial judge ruled that this complaint did not sufficiently factually state a cause of action. Yes, I can, Your Honor. Absolutely. First of all, opposing counsel filed two motions, not three, as he had just told the court a moment ago. The first motion has a handful of words, which in the introduction say that they infer that there isn't a cause of action. But the body of the motion that he filed says, this is my motion. Dismiss the complaint because these are the defects. And he alleges 2-6, well, it's a 2-619.1 hybrid motion, which is ostensibly permitted by that section of the code. Under 2-615, he says no standing because of lack of assignment. Under 619, I'm trying to remember exactly what he alleged on the 619 motion. At any rate, it was not that there was insufficient fact to state a cause of action. I believe he just took the arguments under 615 and realleged them as in 4619. Now, when I filed my amended complaint, my first amended complaint, this was in response to the trial court having outlined an argument for my opponent's benefit that if you ask for fees and interest and you don't have a written contract, then those items are not recoverable. So without him filing the motion and with the court argument on his behalf, I amended my complaint. It was reduced then to two causes of action the trial court had identified as proper. And that is when opposing counsel filed this motion, which for the first time substantively said this doesn't state a cause of action. And then he proceeded to attack it under the notion that by attaching writings, I have transformed my contract into, one, a breach of a written contract, which is in the face of Portfolio v. Feltman, which says that merely attaching writings doesn't make a written instrument and you don't get a 10-year statute of limitations. You're saying that the trial court made this argument or outlined this argument for defendant's benefit. Did it ever occur to you during the course of these proceedings that it maybe was for your benefit in terms of pleading? Or were you so comfortable that you could plead this way in whatever else counties that you deal with that you did not have to listen to the trial judge? Well, what the trial judge was telling me specifically was not consistent with the law he was citing, and so it didn't really seem to be for my benefit. Well, then you look at the law and you file a complaint that is consistent with that law that you're following. Did you ever do that? My complaint was consistent with the arguments he had identified, but the complaint may not have been consistent with every factual allegation that could have been asserted under the law. And I will at least admit that there are issues for both sides here, and I think opposing counsel has done his best to not admit that there's any issue on his side. I don't think that the court was acting for my benefit. What are the issues on his side? I'm sorry? Well, what do you think he failed to admit? I don't think he addressed the fact that, okay, there's a time-worn statement that when you're winning, you just stop talking because why say something that might change the outcome. That time-worn statement necessarily assumes you have advanced an argument of your own, and at almost all times in this case, the argument's being advanced for those at the trial court. When you look at the transcript and you see the extent of his participation on the final date, it is limited to introducing himself, saying the motions have been briefed, and saying thank you. And this is on a motion the trial court identified as inappropriate. So I just don't think he's fairly identifying the trial court's position. I mean, at best, the trial court has walked me into a position where if I wanted to proceed without a written contract, then what he's done is he's taken the entire industry of extending credit and turned it into a charitable act where you can't recover interest or fees. So you're saying the only time that it was pled in a motion to dismiss that the complaint was not factually sufficient was in the second motion that was filed that attacked the second amended complaint that was ultimately dismissed with prejudice? Yep, the first time it was raised. Do you have any further questions, Your Honor? Are you trying to say, then, that without the terms and conditions, et cetera, being attached, that this is an oral contract? Yes. This was an oral, unwritten contract. There was no 2-606 doesn't apply because there was no written signed contract. This is an attempted plea under Garber, that use of a credit card creates the contract. And your position is that the terms of the contract are not necessary to allege? Well, if you're looking at this from, say, a 2-606 perspective, you can get the terms of your contract in by attaching the contract or by pleading the terms in the body of your complaint. And did you do either? I attached the terms of the contract, which, in this case, was the terms and conditions. The terms and conditions. And did you ever tie those terms and conditions that you attached to this defendant and the dates of the use? It would be by inference that this is attached to the terms and conditions. So the answer would be kind of no? No. All right. Did you have any final remarks that you'd like to make? No, Your Honor. I'll rest on the briefs at this point. Thank you very much for your time. Thank you very much.